VERMONT SUPREME COURT
109 State Street
Montpelier VT 05609-0801
802-828-4774
www.vermontjudiciary.org

Case No.       25-AP-245



*Note: In the case title, an asterisk (\*) indicates an appellant and a double asterisk (\*\*) indicates a cross-appellant.  Decisions of a three-justice panel are not to be considered as precedent before any tribunal.*

## ENTRY ORDER

FEBRUARY TERM,   2026

Sean Gordon\*\* v. Katy Fogell\*

}   APPEALED FROM:
}
}   Superior Court, Grand Isle Unit,
}   Family Division
}   CASE NO. 22-DM-00849
Trial Judge: Samuel Hoar, Jr.

In the above-entitled cause, the Clerk will enter:

Both parents appeal a family division decision regarding parental rights and responsibilities for the parties' children in a final divorce order.  Mother argues that the court abused its discretion in assessing the children's best interests related to mother's proposed move to Michigan, and in indicating that mother's future move would amount to an unanticipated change in circumstances.  Both parties challenge the court's decision to split legal rights between the parties.  We affirm.

This appeal follows this Court's remand from a prior appeal.  See Gordon v. Fogell (Gordon I), 2025 VT 24.  The family division found the following.  The parties were married in June 2016.  They have two minor children born during the marriage.  In 2014, they purchased a home in Grand Isle where the family resided.  During the marriage, both parties experienced health issues.  In 2018, father became permanently disabled and has been on permanent disability since.  Mother has also been out of work since 2018 due to health challenges.  In 2020, she and the children moved to Michigan, where mother had support from her family, and she received surgery for cancer.  Around that time, one child also was diagnosed with a medical condition that required consistent medical care.  The parties moved back and forth between Vermont and Michigan, eventually separating in 2022.  After that, mother lived in the marital home and father resided with his parents.  The children resided with each parent for alternating weeks.  The children were well connected to their school and community in Vermont.  Both parents agreed that it would be an adjustment to move the children to a different school.

Each party sought custody of the children.  Mother expressed a desire to return to Michigan to obtain support from her family but testified that she would remain in Vermont if father was awarded custody.  The family division examined the statutory factors and found that the parties were both able to meet the children's physical and emotional needs.  The court found that most factors weighed evenly but that the balance tipped slightly in favor of father, given the

strong involvement of his parents in the children's lives. The court awarded mother legal parental rights and responsibilities with respect to medical and dental decisions and allocated all other legal rights for the parties' two minor children to father. The parties cross-appealed, and this Court reversed and remanded, concluding that the trial "court erred by failing to consider the primary-care-provider factor, improperly analyzing the evidence surrounding mother's proposed relocation, dividing legal responsibilities without explaining its reasoning, and failing to assign physical rights and responsibilities." Id. ¶ 18.

On remand, the court addressed the issues identified in this Court's prior order, but did not alter its decision. First, as to the primary-care provider, the court found that the parties contributed equally to the running of the household and the care of the children. The court thus found that both parties were primary care providers and participated equally in meeting the children's needs. Second, as to its decision to split legal rights, the court found that mother was the primary point person dealing with and coordinating medical, dental, and educational providers.[1] As to mother's relocation to Michigan, the court found that mother's plans for relocating to Michigan were "far less certain than one might hope" and the court was "less confident" that this living situation would be as beneficial for the children as their existing situation in Vermont. The court noted that mother did not provide any evidence on where the children would attend school or how this change would impact their learning. The amended order gave father primary physical parental rights and responsibilities. As to legal rights, it awarded mother authority over medical, dental, and educational decisions, while leaving all other legal rights to father. The court further noted that its award to mother rested on the assumption that she would remain in Vermont. It noted that mother had indicated that she would stay in Vermont if father was granted custody and that if mother relocated to Michigan, this would constitute a real, substantial, and unanticipated change of circumstances to modify parental rights and responsibilities. Both parties appeal.

"This Court applies a highly deferential standard of review to decisions of the family court regarding parental rights and responsibilities." Paine v. Buffa, 2014 VT 10, ¶ 10, 195 Vt. 596. The findings are upheld unless clearly erroneous and the conclusions will be affirmed if supported by the findings. Id. The paramount concern in the area of parental rights and responsibilities is the best interests of the child, and the court's analysis is guided by the statutory factors. See 15 V.S.A. § 665(b).

Mother raises numerous arguments on appeal and asks that this Court remand with instructions to award mother legal and physical rights and responsibilities. Essentially, she claims that the family court failed to effectuate the purpose of the remand, and its decision was an abuse of discretion. In assessing mother's arguments, we are mindful of the broad discretion afforded to the family court in awarding parental rights and responsibilities. As explained more fully below, this Court's role is not to reassess the evidence or implement its own analysis of the facts; rather it is to review for an abuse of discretion. See LeBlanc v. LeBlanc, 2014 VT 65, ¶ 23, 197 Vt. 17 (rejecting parent's challenge to family court's analysis of statutory factors and explaining that argument was "simply a challenge to the court's assessment of the weight of the

---

[1] The trial court's decision states that "Ms. Gordon" was the point person for these issues. Mother has a different last name than father and the Court interprets this reference to mean mother, Ms. Fogell. This interpretation is consistent with the court's finding elsewhere that mother took the lead in dealing with and coordinating medical, dental, and educational providers.

evidence and the exercise of its discretion, matters exclusively reserved for the trial court"). To reverse, this Court must find that the trial court "exercised its discretion upon unfounded considerations or to an extent clearly unreasonable upon the facts presented." Paine, 2014 VT 10, ¶ 10 (quotation omitted). Although mother disagrees with the court's analysis, she has not demonstrated that there was an abuse of discretion in this case.

Mother argues that the trial court abused its discretion by substituting its own judgment regarding where mother and the children should live and rewarding father with custody despite his controlling behavior.[2] She contends that the trial court failed to follow this Court's remand instructions to make findings comparing her proposed relocation plan with father's proposal to remain in Vermont and that the court blamed her for desiring to move. Although a party's proposed relocation is not a statutory factor, this Court has recognized that when parents are equally situated, "the parties' proposed residences can become a dominant factor." Id. ¶ 12. When a party is considering a move, the party may indicate either that a relocation will happen so that it is anticipated or that no firm decision has been made so any move is unanticipated.[3] Id.

The family court sufficiently assessed the facts provided by mother regarding her possible relocation to Michigan. The court found that mother desired to move to Michigan to receive more emotional and financial support from her family but that her plans were not certain. Mother had previously lived in an apartment in her mother's home but indicated that she would find a different apartment. The court noted that there had been conflict between mother and maternal grandmother. Although mother identified that there were relationships with physicians for the children in Michigan, she did not provide information regarding schools or the impact of a change on the children's educational and social needs. The court found that the children had a strong relationship with father's parents and remaining in Vermont would allow the children to stay in their current school and have a relationship with both parents.

Moreover, the court's overall assessment of the best-interests factors was sufficient to support its decision. It found that in most respects the factors did not favor either party and that both parents loved their children and were capable of meeting their physical and emotional needs. It also found that both parents were primary care providers. Although the court acknowledged that father was less willing to promote a healthy relationship with mother, it found that the children's adjustment to their current home, school, and community tipped the balance in favor of father given his commitment to staying in Vermont. The court therefore found that it was in the children's best interests for father to have physical rights and responsibilities.[4]

---

[2] There is no support for mother's contention that the family court directed mother where to live. The family court was tasked with assessing the children's best interests and this involved evaluating how a move would impact the children. See Paine, 2014 VT 10, ¶ 12 (explaining that proposed relocation is part of assessment of children's best interests and party proposing move should specify facts on which court should base its decision).

[3] In this case, the family court found that mother desired to return to Michigan but had no clear plan to do so, and stated she would stay in Vermont if father was awarded custody. Therefore, contrary to mother's assertion, the court did not abuse its discretion in holding that mother's future relocation would constitute a change of circumstances.

[4] Contrary to mother's assertion, this did not amount to the court rewarding father for poor behavior or punishing mother. The court's decision was based on the best interests of the children, not on the behavior of the parents.

Finally, both parties challenge the court's decision to divide legal rights and responsibilities between the parties. Mother contends that the court gave mother authority over certain areas solely to compel her to stay in Vermont. Father argues that the court erred in finding that mother was primarily responsible for coordinating the children's medical and dental care and dealing with their educational providers, and contends that as a result, its award of these rights is unfounded. There was no error. The family court may divide elements of legal parental rights and responsibilities between the parents even where parents do not agree to share rights. Shea v. Metcalf, 167 Vt. 494, 500 (1998) (holding that family court may divide legal rights and responsibilities between parties "along discrete lines of authority"). A division of legal rights "keeps both parents in the role of active parenting, takes full advantage of their individual strengths, and avoids awarding either parent responsibility for which he or she is not suited." Id. Here, the trial court gave mother authority over medical, dental, and educational decisions based on its finding that mother was the primary point person in dealing with these issues. Mother's allegation that this was done to compel mother to remain in Vermont is not supported. The court's finding that mother took the lead on these issues is sufficient to support its decision.

Affirmed.

BY THE COURT:

_____
Paul L. Reiber, Chief Justice


_____
Harold E. Eaton, Jr., Associate Justice


_____
Nancy J. Waples, Associate Justice